IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Jeffrey A. Geer,                    )
          et al.,                   )
                                    )
                    Plaintiffs,     )
                                    )
v.                                  )          Case No. 07-CV-1209-JTM-DWB
                                    )
Challenge Financial Investors Corp.,)
          et al.,                   )
                                    )
                    Defendants.     )

## PRELIMINARY APPROVAL ORDER AND SCHEDULING ORDER

WHEREAS, Plaintiffs Jeffrey Geer, Gerald LaBouff, David Berry, Jessica Casper, Cathy James, Angela Mount, Ira L. Parker, III and Ryan Patterson ("Named Plaintiffs")[1] on behalf of themselves and on behalf of the Class Members (collectively, the "Plaintiffs") in the above-captioned litigation (the "Action"), have entered into a Stipulation and Agreement of Settlement dated as of August 30, 2007 (the "Stipulation") with defendants Nations Holding Company ("Nations"), the Nations Holding Company 401(k) Plan (the "Plan"), unidentified Administrators of the Plan named as defendants in the above-captioned lawsuit, Challenge Financial Investors Corporation ("CFIC"), Piggybanker Stock Company ("Piggybanker"), Chris Likens, Harold Barian, Hiram Blomquist, Michael Riley, Joe Ramis, Ken Rach, Trent Williamson, Chris Faoro, Michael Gonzales, and Tod Howard (collectively, the "Settling Defendants"); which Stipulation together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Action and the dismissal of the Action with prejudice subject to review and approval by this Court under Rules 23 and 23.1 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); and the Court having read and considered the Stipulation and the accompanying

---

[1]Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Stipulation.

documents; and the parties to the Stipulation having consented to entry of this Order; and all capitalized terms used herein having the same meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 6th day of September, 2007, that:

**A.    Conditional Class Certification**

Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby conditionally certifies, for settlement purposes only, a Class defined as follows:

> ALL EMPLOYEES OF CFIC WHO EXECUTED A DECLINE FORM BETWEEN THE DATES OF JANUARY 1, 2003 AND JUNE 30, 2006 (THE "CLASS PERIOD") AND FOR WHOM INCOME ATTRIBUTABLE TO PAYMENTS BY OR ON BEHALF OF CFIC WAS REPORTED ON IRS FORM W-2 FOR CALENDAR YEARS 2003, 2004, 2005 AND THROUGH JUNE 30, 2006.

Excluded from the Class are those persons, if any, who timely and validly submit a request for exclusion.  The representatives of the Class shall be the Named Plaintiffs.  Counsel for the Class shall be the Plaintiffs' counsel, Foulston Seifkin LLP.

The Court preliminarily finds that (i) Class Members are so numerous as to make joinder impracticable; (ii) the claims of the Named Plaintiffs are typical of the claims of the Class they seek to represent; (iii) the interests of the Class Members will be fairly and adequately represented by Named Plaintiffs and their counsel of record in this action; (iv) a class action is superior to other available methods for the fair and efficient settlement of these Actions; (v) common questions of law and fact exist as to all Class Members; and (vi) such common questions predominate over any questions solely affecting individual Class Members.

**B.    Preliminary Approval of Stipulation**

The terms of the Stipulation, and the Settlement provided for therein, are preliminarily approved.  A hearing (the "Settlement Hearing"), pursuant to Fed. R. Civ. P. 23(e), shall be held before the Court on **January 15, 2008 at 10:00 am** in Courtroom 232 of the United States District

Court for the District of Kansas, 401 North Market, Suite 403 Wichita, Kansas 67202 (or such adjourned time or times as the Court may without further notice direct):

      (1)    to determine whether the terms of the Stipulation and the proposed Settlement provided for therein are fair, reasonable, and adequate and should be approved by the Court;

      (2)    to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing this Action with prejudice, and to determine whether the release by the Class Members of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties;

      (3)    to determine the amount of fees and expenses that will be awarded to Plaintiffs' counsel in the event that the Court approves the Stipulation and the proposed Settlement;

      (4)    to determine the amount of fees and expenses that will be paid to the Settlement Administrator;

      (5)    to determine the amount of any incentive payments that will be awarded to any Named Plaintiffs or other payments to be awarded in respect of the dismissal of any individual claims of Named Plaintiffs; and

      (6)    to rule upon such other matters as the Court may deem appropriate.

**C.**    **Approval of Notice**

The Court approves, in form and content, the Notice of Proposed Settlement of Class Action, Request for Attorneys' Fees and Reimbursement of Expenses, and Settlement Fairness Hearing (the "Notice") annexed as an exhibit to the Stipulation and as Exhibit A-1 to this Order, and finds that the mailing of such notices in the manner and form set forth in the Stipulation and as set forth herein, meets the requirements of Fed. R. Civ. P. 23, due process, and the Rules of this Court, and is the best

notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

Foulston Seifkin LLP is hereby appointed the Settlement Administrator to supervise and administer the notice process as well as process claims as more fully set forth below and in the Stipulation.

No later than **September 30, 2007**, a copy of the Notice substantially in the form annexed as Exhibit A-1, shall be mailed by the Settlement Administrator by first class mail to each Member of the Class to the extent shown by the records of Nations and CFIC at the last known addresses of such Class Members, and, with respect to any such mailings returned for reason of insufficient address, as soon as practicable thereafter, to determine correct addresses by use of the National Change of Address Database, and accomplish a second mailing to those Class Members for whom the first mailing was returned.

Any Member of the Class may be excluded from the Class by complying with the instructions and procedures set forth in the Notice regarding exclusion from the Class, which involves submission of a request for exclusion from the Class to the Settlement Administrator postmarked no later than **December 15, 2007.**  Any Class Member who has not requested to be excluded from the Class may, but is not required to, enter an appearance in these Actions pro se or through counsel of his, her, or its own choice.  Any Class Member who does not enter an appearance shall be represented by Plaintiffs' counsel.

Any Member of the Class who has not requested to be excluded from the  Class and who wants to object to the proposed Settlement as incorporated in the Stipulation, or to the awards of attorneys' fees and expenses, settlement costs and incentive payments may do so by filing documents, briefs, or affidavits to the Court by filing the same with the Court, and serving the same upon counsel for the Settling Parties by **December 15, 2007**, as set forth in the Notice, and, if

4

desired, appearing at the Settlement Hearing either in person or through an attorney.  Any Class Member who does not object in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, or to the awards of attorneys' fees and expenses, settlement costs and incentive payments.

In the event the Settlement proposed in the Stipulation will not become effective as provided for in the Stipulation, then the counsel for any of the Settling Parties may terminate the Stipulation by giving counsel for all other Settling Parties written notice of the termination as provided by the Stipulation, in which case the provisions of ¶ 23 of the Stipulation shall become effective.

In the event that the Court ultimately approves the Settlement, on the Settlement Effective Date, all Class Members for whom timely and valid requests for exclusion from the Class have not been submitted in accordance with the provisions of the Notice shall conclusively be deemed to have dismissed with prejudice all claims asserted against the Settling Defendants in these Actions and to have released all the Released Claims, and shall be forever barred and enjoined from asserting, prosecuting, or continuing the prosecution of any of the Released Claims pursuant to the terms of the Stipulation, including such Released Claims that are the subject of pending actions or arbitrations, if any.

Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Member of the Class, other than those for whom a timely and valid request for exclusion from the Class has been submitted, may, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or any other action with respect to the Released Claims against any of the Settling Defendants.

The Court reserves the right to approve the Settlement with such modifications as may be agreed to by counsel to the Settling Parties and without further notice to the Class Members, and

retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement, as well as any applications for awards of fees and expenses to Plaintiffs' counsel.

The Settlement Administrator, subject to such supervision of the Court and/or Plaintiffs' counsel as may be necessary, shall provide Notice to the Class and administer the processing of exclusion requests.  The Settlement Administrator is authorized to, *inter alia*, mail and distribute the Notice to Class Members; receive requests for exclusion; communicate with Class Members regarding their claims; and perform such additional functions as are provided for in the Stipulation.

All papers in support of the Settlement or any application by Plaintiffs' counsel for attorneys' fees and expenses, costs of administration, and incentive payments shall be filed with the Court by **January 8, 2008**, or such later date as the Court may approve on submission of a motion.

The publication of the confidential Supplemental Stipulation entered into by the Settling Parties including the terms thereof, would cause direct and substantial harm to such parties and therefore the Supplemental Stipulation shall not be filed with the Court or otherwise disclosed unless and until a dispute among the parties thereto concerning its interpretation or application arises, and, in that event, good cause having been shown, it shall be filed and maintained under seal.

IT IS SO ORDERED.

Dated: September 6, 2007


   s/   DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge
District of Kansas